United States District Court
Southern District of Texas
**ENTERED**
December 08, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **PORTUS SINGAPORE PTE LTD**, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| VS. | §    CIVIL ACTION NO. 4:22-CV-01977 |
| | § |
| **FOSCAM, INC.**, | § |
| | § |
| Defendant. | § |

## MEMORANDUM & ORDER

Pending before the Court is Plaintiff Portus Singapore Pte Ltd and Portus Pty Ltd's ("Portus") Request for Entry of Default, and Motion for Default Judgment, and Motion to Add Parent Company as Judgment Debtor (ECF No. 35). For the reasons stated herein, Plaintiff's Motion is **GRANTED**.

**I. BACKGROUND**

Portus filed this patent infringement suit against Defendant Foscam, Inc. ("Foscam") in June, 2022. Foscam was served and filed an Answer in September, 2022 (ECF No. 9, 15). After filing its Answer, Foscam went silent and failed to comply with a variety of discovery obligations. Following months of Foscam's unresponsiveness, Portus filed a Motion to Compel (ECF No. 24), which the Court granted, ordering Foscam to "comply with its P.R. 3-4 obligations, produce documents in response to Portus' Request for Production, and respond to Portus' Interrogatories." ECF No. 27.

Now, six months later, Foscam has not complied with the Court's Order. Separately, it has come to light that Foscam is controlled entirely by its parent company, Shenzhen Foscam

Intelligent Tech Co. Ltd. ("Shenzen Foscam"). Counsel for Foscam communicated to the Court that Foscam "does not have any physical address, inventories or employees" but that Shenzen Foscam "does have a dispute with regard to Plaintiff's patent infringement claims" and is "willing to provide technical document[s] and its sales data to the US company in response to Plaintiff's discovery requests." ECF No. 31. However, it did not provide responsive documents, and Shenzen Foscam recently communicated through counsel for Foscam that it does not wish to pursue a defense in the case. ECF No. 35-3 (email from Foscam's attorney to the Court and Portus, stating that "the Chinese company [Shenzen Foscam] has decided not to involve in this case any more, [sic] and has instructed me to take a default on this case.").

## II.     LEGAL STANDARDS

"Federal Rules of Civil Procedure 55 and 37(b) are pertinent to default judgment in circumstances like those of this case." *Compass Bank v. Villarreal*, No. CIV.A. L-10-8, 2011 WL 1740270, at *4 (S.D. Tex. May 5, 2011). Rule 55(a) mandates an entry of default when a properly noticed party "has failed to plead or otherwise defend" in a case. Fed. R. Civ. P. 55(a). While an entry of default is typically made by the clerk of court, it "may also be entered by a district court." *Apogee Telecom, Inc. v. Dungan*, No. A-16-CA-00061-SS, 2016 WL 9308329, at *2–3 (W.D. Tex. Sept. 23, 2016).

After default has been entered, a plaintiff may apply for a default judgment. Fed. R. Civ. P. 55(b)(2). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). They are appropriate "only where the adversary process has been halted because of an essentially unresponsive party." *Id.* (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C.Cir.1970)).

Rule 37 allows courts to grant default judgments as one form of sanction where a party fails to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(vi). It further provides that "instead of or in addition to" this sanction, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees" caused by the failure to obey the discovery order, "unless the failure was substantially justified or other circumstances make an award of expenses just." Fed. R. Civ. P. 37(b)(2)(C).

The Fifth Circuit has instructed district courts to "use the draconian remedy" of default judgment or dismissal with prejudice "only in extreme circumstances." *Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir. 1979). "Deliberate, repeated refusals to comply with discovery orders have been held to justify the use of this ultimate sanction." *Id.* To assess whether this sanction is appropriate, courts in this circuit consider four factors: (1) whether the failure to comply was due to the party's bad faith, rather than its inability to comply; (2) whether the neglect is attributable to the client, rather than the attorney; (3) whether the delay would "substantially prejudice the opposing party"; and (4) whether "a less drastic sanction would substantially achieve the desired deterrent effect." *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380–81 (5th Cir. 1994) (citing *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir.1990)); *Compass Bank*, 2011 WL 1740270, at *5 (citing *U.S. For Use of M–CO Const., Inc. v. Shipco General, Inc.*, 814 F.2d 1011, 1013 (5th Cir.1987) and *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir.1985)).

### III.   ANALYSIS

#### A. Default Judgment

The Court finds that entry of default and grant of default judgment are appropriate in this case. All four factors weigh in favor of granting default judgment. First, while Foscam's absence makes it challenging to definitively establish bad faith, its failure to provide any reason for its

3

noncompliance over the intervening months suggests bad faith. Second, the neglect is attributable to the client, rather than the attorney—in communications with the Court, Foscam's attorney has made it clear that she made many unsuccessful attempts to retrieve the requested documents from her client. Third, the delay has substantially prejudiced Portus, as it has been largely unable to move forward with its case while waiting for Foscam to cooperate. And lastly, given the parties' litigation history, the Court finds that less severe sanctions are unlikely to correct the situation. *Cf. Fazeli v. Saleh*, No. 3:16-CV-749-B, 2018 WL 4539093, at *3 (N.D. Tex. Sept. 21, 2018) (explaining that, when faced with a defendant who would not comply with a discovery order, "Since Defendant is defending this action against Plaintiff, striking the pleadings, staying further proceedings, or dismissing the action would be inappropriate[.] Considering the other available sanctions, and in light of Defendant's 'deliberately obstructive conduct,' default judgment is the foreseeable and appropriate response."). Accordingly, the Court enters default and grants default judgment against Defendant Foscam, Inc.

### B. Damages

A default judgment "is a judgment on the merits that conclusively establishes the defendant's liability." *Shipco Gen., Inc.*, 814 F.2d at 1014. However, "it does not establish the amount of damages." *Id.* Therefore, while the default judgment establishes that Foscam infringed upon Portus' valid patents, the Court must still determine what Foscam must pay in damages.

Under applicable patent law, Portus is entitled to "damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the Court." 35 U.S.C. § 284. Courts determine the amount of a reasonable royalty by contemplating "a hypothetical negotiation between a patentee and infringer" and determining what the infringer would have paid the patentee

for a license. *Kothmann Enterprises, Inc. v. Trinity Indus., Inc.*, No. CV H-01-2668, 2005 WL 8166202, at *4 (S.D. Tex. Mar. 29, 2005) (quoting *Interactive Pictures Corp. v. Infinite Pictures, Inc.*, 274 F.3d 1371, 1384 (Fed.Cir.2001)).[1]

Plaintiff suggests that the Court calculate damages based on reasonable royalties using the following methodology: measure Foscam's gross sales revenue from the infringing products[2] from June 2016 through June 2020, and apply a 2.5% royalty rate. The Court finds that Plaintiff's proposed methodology is well-founded; given the limited information at hand, it utilizes appropriately conservative estimates.

The time period spans from 2016 to 2020 because Foscam began selling the infringing products in 2016 (when Portus held a valid patent), if not earlier, *see Company News*, FOSCAM HOME SECURITY https://us.foscam.com/news/index.html (last visited Dec. 6, 2023) (several 2016 articles noting sale of wireless camera and security systems), and the patents at issue expired on June 7, 2020, ECF No. 35-1 at 7, Declaration of Timothy Lindquist ("Lindquist Decl.").

A royalty of 2.5% of Foscam's gross revenue represents a conservative estimate of what Foscam would have hypothetically paid Portus for licensing of the patents. In a case in which Portus alleged infringement of the same patents as the ones at issue here, the infringer agreed to pay Portus 10% of total revenue and an additional 2.5% of total revenue exceeding $5,000,000.

---

[1] In making this determination, courts consider the *Georgia-Pacific* factors, which include:
> [A]ctual royalties received by the patentee for the licensing of the patents in the suit; rates paid by licensee for the use of other comparable patents; the licensor's established policy as to licensing; the commercial relationship between the licensor and licensee and whether they are competitors; the established profitability of the product; utility and advantages of the patented device over old devices; the infringer's profits and the portion of profits that should be credited to the invention.

*Kothmann Enterprises, Inc. v. Trinity Indus., Inc.*, No. CV H-01-2668, 2005 WL 8166202, at *4 (S.D. Tex. Mar. 29, 2005) (citing *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N. Y. 1970)).

[2] In focusing on gross revenue from the product, Plaintiff urges this Court to apply the "entire market value rule," pursuant to which the patentee can recover "damages based on the value of an entire apparatus containing several features, when the featured patented constitutes the basis for customer demand." *TWM Mfg. Co. v. Dura Corp.*, 789 F.2d 895, 901 (Fed. Cir. 1986). The Court finds it appropriate to apply the entire market value rule in this case, as Portus' patented remote monitoring software can reasonably be said to "constitute[] the basis for customer demand" of the camera and security systems sold by Foscam. *Id.*

ECF No. 35-1 at 123–24. Based on that licensing agreement, the Court finds that 2.5% of Foscam's gross revenue from June 2016 to June 2020 represents reasonable royalties.

Foscam's gross revenue for 2018, 2019, and 2020 can be found in its tax returns—some of the very few documents Foscam produced during discovery. While it is not certain what Foscam's gross revenue was in 2016 and 2017, it was likely at its highest in these years, before market consolidation occurred. *See* Lindquist Decl. at 9. For the purposes of damage calculations, the Court agrees with Plaintiff that it is appropriate to take a conservative approach, and assume that Foscam's revenue in 2016 and 2017 was equal to its revenue in 2018. Thus, Foscam's total gross revenue from June 2016 to June 2020 is approximately $3,609,358 (seven months of 2016 revenue, assumed to be equal to 2018 revenue, *see* ECF No. 35-1 at 130) + $6,187,471 * 2 (2017 and 2018 revenue, *see id.*) + $3,470,102 (2019 revenue, *id.* at 132) + $1,857,252 (five months of 2020 revenue, *see id.* at 134) = $21,311,654. Applying the 2.5% rate discussed above, reasonable royalties are therefore $532,791.

The Patent Act grants district courts discretion to "increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. Such an increase is only warranted in "egregious cases of culpable behavior," namely, behavior that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 104 (2016). In this case, Foscam received notice of its infringing activity in April 2017, ECF No. 35-4, and continued offering its infringing products. Therefore, the Court finds that Foscam's infringement was willful and that treble damages are appropriate. Thus, Portus is entitled to $1,598,373 in damages.

### C. Costs

Rule 37 authorizes the Court to order Foscam to pay "reasonable expenses, including

attorney's fees" caused by its failure to engage in discovery. Fed. R. Civ. P. 37(b)(2)(C). Foscam's failure to comply with discovery requests necessitated various outreach attempts, as well as Portus' filing of a Motion to Compel and a Motion to Show Cause—all of which generated fees amounting to $17,820.[3] *See* ECF No. 32. The Court finds that Portus is entitled to $17,820 in fees and costs.

**D. Alter Ego**

Plaintiff's Motion also requests that the Court add Foscam's parent company, Shenzen Foscam, as judgment debtor. The Court may do so if Shenzen Foscam is the "alter ego" of Foscam. *See Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1363 (5th Cir. 1990). The Fifth Circuit has instructed district courts to make alter ego determinations based on the totality of the circumstances, which may include consideration of the following factors:

(1) the parent and the subsidiary have common stock ownership;

(2) the parent and the subsidiary have common directors or officers;

(3) the parent and the subsidiary have common business departments;

(4) the parent and the subsidiary file consolidated financial statements and tax returns;

(5) the parent finances the subsidiary;

(6) the parent caused the incorporation of the subsidiary;

(7) the subsidiary operates with grossly inadequate capital;

(8) the parent pays the salaries and other expenses of the subsidiary;

(9) the subsidiary receives no business except that given to it by the parent;

(10) the parent uses the subsidiaries' property as its own;

(11) the daily operations of the two corporations are not kept separate; and

---

[3] The Court finds that the paralegal fees listed in Manoj Gandi's declaration are recoverable as litigation expenses, given that "the paralegal performed work traditionally done by an attorney while under an attorney's supervision." *Compass Bank*, 2011 WL 1740270, at *15.

(12) the subsidiary does not observe the basic corporate formalities, such as keeping separate books and records and holding shareholder and board meetings.

*Gundle Lining Const. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 209 (5th Cir. 1996). In this case, the totality of the circumstances points to a finding that Shenzen Foscam is Foscam's alter ego. Foscam's tax returns indicate that it is 100% owned by Shenzen Foscam, that Shenzen Foscam is a "Related Party," and that Shenzen Foscam has provided Foscam with millions of dollars in loans. ECF No. 35-2 at 3. Further, communications with Foscam's counsel make clear that Foscam operates "with grossly inadequate capital." *Gundle*, 85 F.3d at 209; *see* ECF No. 31 ("FOSCAM does not have any physical address, inventories or employees . . . FOSCAM, Inc. is an empty shell."). All in all, the facts uniformly point to the conclusion that Shenzen Foscam is Foscam's alter ego.

The Court well knows that a finding of alter ego liability is a rare and extreme measure. The Court would very much have preferred that Defendant had appeared and contested Plaintiff's allegations. But, Defendant was afforded every opportunity and chose not to appear. In fact, Defendant instructed counsel to "take a default" in the case. ECF No. 35-3. Therefore, under these unique circumstances, the Court finds that Shenzen Foscam is Foscam's alter ego.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's Motion is **GRANTED**.

The Court **RENDERS JUDGMENT** and **ORDERS** that final default judgment is entered in favor of Portus against Foscam Inc. and Shenzen Foscam Intelligent Tech Co. Ltd., jointly and severally, as follows:

1. Portus shall recover actual damages in the amount of $1,598,373.
2. Plaintiff shall recover post-judgment interest at the rate of 5.16% per annum on the total

    judgment from the date of judgment until paid.

3. Plaintiff shall recover reasonable and necessary attorney fees and expenses of $17,820.00 for services rendered through this judgment.

4. Taxable costs are assessed against Foscam Inc. and Shenzhen Foscam Intelligent Tech Co. Ltd.

It is further **ORDERED** that the Foscam Inc. and Shenzhen Foscam Intelligent Tech Co. Ltd. and their agents must comply with all reasonable and necessary post-judgment discovery requests served by Plaintiff to trace Defendants' property, any proceeds thereof, or to secure satisfaction or enforcement of this judgment.

It is further **ORDERED** that all writs and processes for the enforcement and collection of this judgment may issue as necessary. All relief requested in this case and not expressly granted is denied. This judgment finally disposes of all parties and claims and is a final appealable judgment.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 8th day of December, 2023.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE